IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARPU VENUGOPAL,

    Plaintiff,

  v.

CITIBANK, NA,

    Defendant.
_____/

No. C 12-2452 CW

ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Docket No. 21); DENYING MOTION TO DISMISS (Docket No. 6).

    Plaintiff Marpu Venugopal moves to file a First Amended Complaint (1AC).  Defendant Citibank, NA opposes the motion.  The Court took the matter under submission on the papers and now grants the motion.

## BACKGROUND

    On April 12, 2012, Plaintiff filed a complaint against Defendant in state court for allegedly providing inaccurate information about his finances to various credit reporting agencies.  Docket No. 1, Compl. ¶¶ 11-27.  Specifically, he claims that Defendant reported an outstanding debt of $197,466 even though it was aware that this debt had been discharged in a June 2009 bankruptcy proceeding.  Id.

    Plaintiff asserts claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b); the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25; the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 et seq.; and the Song-Beverly Credit Card Act, Cal. Civ. Code §§ 1747 et seq.  Compl. ¶¶ 28-65.  His complaint also asserts various state tort claims against Defendant.  Id. ¶¶ 66-92.  Defendant removed

the case to federal court on May 14, 2012 and moved to dismiss one week later. Docket No. 6. Its motion to dismiss is still pending.

On November 16, 2012, Plaintiff filed this motion for leave to amend his complaint. Docket No. 21. His proposed First Amended Complaint (1AC) would dismiss six of the nine claims in his original complaint, preserving only his FCRA, CCRAA, and UCL claims. In addition, the proposed 1AC would amend some of the factual allegations in his original complaint and add additional allegations about when he first learned of Defendant's alleged reporting inaccuracies.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530–531 (N.D. Cal. 1989).

Courts consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). However, these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). Futility of amendment, by contrast, can

2

alone justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

Defendant contends that allowing Plaintiff to amend his complaint while its motion to dismiss is still pending would be unduly prejudicial. It also asserts that Plaintiff's proposed amendments are futile because they contradict allegations in his original complaint. Each of these arguments is addressed in turn.

I.   Undue Prejudice

Defendant contends that, if Plaintiff is permitted to file an amended complaint, it would be forced "to reiterate [its] reasons for a dismissal a second time" before it has received a ruling on its first motion to dismiss. Opp. 2. This concern is insufficient to establish undue prejudice.

Even assuming that Defendant would face some hardship in reprising its previous arguments for dismissal, Defendant ignores the fact that Plaintiff's proposed 1AC dispenses with most of his original claims. This substantially reduces whatever burdens Defendant would face in moving to dismiss Plaintiff's amended complaint.

Furthermore, even if the Court were to deny Plaintiff's current request for leave to amend, it could still grant Plaintiff leave to amend later when it ruled on Defendant's motion to dismiss. This is why courts are typically reluctant to deny a plaintiff leave to amend simply because motion to dismiss is pending. See e.g., In re AMBAC Fin. Group, Inc. Derivative Litig., 2008 WL 5262428, at *1 (S.D.N.Y.) (granting plaintiff

3

leave to amend after concluding that "prejudice is not at issue -- even if the pending motion to dismiss were granted, the Court would still be within its discretion to grant leave to amend if the pleading defects could be cured in an amendment"); see also Nejo v. Wilshire Credit Corp., 2010 WL 2888905, at *2 (E.D. Cal.) (granting leave to amend complaint despite a pending motion to dismiss because amendment would only cause "garden variety delay already contemplated by Rule 15(a)'s liberal amendment policy").

In sum, because Plaintiff seeks leave to amend early in the litigation, has not previously amended his complaint, and has proposed to dismiss the majority of his original claims, leave to amend would not unduly prejudice Defendant here.

## II. Futility

Defendant next contends that Plaintiff's proposed amendments are futile because they contradict factual allegations in his original complaint. In particular, Defendant highlights the amendment that Plaintiff proposes regarding his May 17, 2011 credit report. Defendant notes that while Plaintiff's original complaint alleged that the May 17 report showed that Defendant failed to report properly his 2009 bankruptcy discharge, see Compl. ¶ 17, his proposed 1AC seems to allege the opposite, see 1AC ¶ 17.[1]

---

[1] Plaintiff seems to have made this change in response to a point that Defendant raised in its motion to dismiss. Specifically, Defendant noted that the May 17, 2011 credit report -- which Plaintiff attached as an exhibit to his original complaint -- contained language indicating that Defendant had, in fact, properly reported Plaintiff's bankruptcy discharge to credit reporting agencies. To cure this defect, Plaintiff's proposed 1AC alleges that he obtained two "updated" credit reports, neither of which is mentioned in his original complaint, on May 25, 2011 and March 12, 2012 that document Defendant's failure to report the bankruptcy discharge. 1AC ¶¶ 18-19.

4

The Ninth Circuit has cautioned that leave to amend should not necessarily be denied merely because the amended complaint contains allegations that contradict those in the original complaint.  In PAE Government Services, Inc. v. MPRI, Inc., the court held that "[u]nless there is a showing that the party acted in bad faith . . . inconsistent allegations are simply not a basis for striking the pleading."  514 F.3d 856, 860 (9th Cir. 2007) ("Does the fact that an amended complaint [] contains an allegation that is apparently contrary to an earlier iteration of the same pleading render the later pleading a sham?  The answer is: not necessarily.").

Here, Plaintiff's proposed 1AC serves mainly to add new factual allegations about credit reports that he failed to identify in his original complaint.  1AC ¶¶ 18-19.  It also omits an allegation mistakenly included in the original complaint concerning the contents of his May 17, 2011 credit report.  Id.  Because neither of these proposed changes evinces bad faith on the part of Plaintiff, leave to amend is granted.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for leave to file a first amended complaint (Docket No. 21) and DENIES Defendant's motion to dismiss (Docket No. 6) as moot.

Plaintiff shall file and serve its 1AC within two days of the filing of this order.  Because his earlier pleading included an exhibit showing that the subject debt had been properly reported as of May 17, 2011, Plaintiff is directed to attach copies of the "updated" credit reports to which his amended complaint refers, 1AC ¶¶ 18-19, as exhibits to the 1AC.

5

Defendant shall file a responsive pleading or a motion to dismiss within twenty-one days of being served with Plaintiff's 1AC.  The Court will hear Defendant's motion to dismiss, if it files one, at 2:00 p.m. on March 21, 2013.  A case management conference will also be held on that date, regardless of whether or not Defendant files a motion to dismiss.

IT IS SO ORDERED.

Dated: 1/16/2013

CLAUDIA WILKEN
United States District Judge