SCOTT J. SAGARIA (BAR # 217981)
SJSagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
Egale@sagarialaw.com
**SAGARIA LAW, P.C.**
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARPU VENUGOPAL,

           Plaintiff,

  v.

CITIBANK, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,

           Defendants.

CASE NO.: 4:12-cv-02452-CW

FIRST AMENDED COMPLAINT FOR DAMAGES:

1. Violation of Fair Credit Reporting Act;
2. Violation of California Consumer Credit Reporting Agencies Act;
3. Violation of California Unfair Business Practices Act

COMES NOW Plaintiff MARPU VENUGOPAL, an individual, based on information and belief, to allege as follows:

FIRST AMENDED COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendant reported inaccurate overdue payments and an outstanding balance on Plaintiff's discharged credit account to Experian after discontinuing such reporting to Transunion and Equifax upon conclusion of its investigation. In addition, Defendant failed to report to Experian that the account information was in dispute. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Marpu Venugopal (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Citibank, National Association (hereinafter "Creditor") is located at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Creditor collects debts on its own behalf throughout the county of Santa Clara.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things

herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings to set forth the same, pursuant to California Code of Civil Procedure § 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about May 5, 2011 Plaintiff sent the three credit reporting agencies Experian, Equifax, and Transunion ("CRA's") written notice disputing Creditor's inaccurate reporting of overdue payments on an account included in Plaintiff's bankruptcy petition. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, all three CRA's provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor acknowledged the inaccuracy of the overdue payments by discontinuing reporting any negative information to Transunion and Equifax. Creditor, however, re-reported the overdue payments on Plaintiff's credit account to Experian.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On March 18, 2009 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a secured debt was listed on Schedule D in favor of Creditor in the amount of $197,466.00 (hereinafter "Debt").

14. On June 23, 2009 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's

discharge on June 24, 2009. Since Plaintiff never re-affirmed Creditor's debt during his bankruptcy, Plaintiff alleges that this Discharge included this prepetition debt.

15. On or about May 2, 2011 Plaintiff pulled his Informative Research Credit Report, a compilation of reporting information from Experian, Transunion, and Equifax to ensure accurate reporting. The report indicates that Creditor reported an outstanding account balance of $197,466 and overdue payments to all three CRA's each month from the time Plaintiff filed for bankruptcy up until entry of the discharge order. Plaintiff alleges that the information furnished was inaccurate because it suggests that the account was still collectable throughout Plaintiff's bankruptcy case and because the discharge order, which removed Plaintiff's legal obligation to pay Creditor, relates back to the date Plaintiff filed for bankruptcy.

16. On or about May 5, 2011 Plaintiff sent a letter to Experian, Equifax, and Transunion requesting a formal, full, and complete investigation of the information Creditor furnished on Plaintiff's credit account. Specifically, Plaintiff disputed the overdue payments reported throughout the pendency of Plaintiff's bankruptcy petition and the recent outstanding balance of $197,466. Plaintiff alleges that the CRA's sent notice of his dispute to Creditor.

17. On or about May 17, 2011 Plaintiff received updated Equifax and Transunion credit reports in response to his dispute with the CRA's. Plaintiff alleges that the credit reports indicate Creditor removed the overdue payments from the payment history section and reported the account as discharged in bankruptcy with no amount past due. True and correct copies are attached as **Exhibits A**.

18. On or about May 25, 2011 Plaintiff received an updated Experian credit report. The credit reports indicate that Creditor re-reported the disputed overdue payments while also reporting an outstanding balance of $197,466 as of May 2011. A true and correct copy is attached as **Exhibit B**.

19. On or about March 12, 2012 Plaintiff received his Service 1st credit report, a compilation of credit reports from Experian, Equifax, and Transunion. The credit report indicates that Creditor continued reporting the inaccurate information to Experian.

20. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from all three CRA's. A true and correct copy is attached as **Exhibit C**.

21. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

22. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

23. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

## FIRST CAUSE OF ACTION
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

24. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

25. Creditor, in the course of regular business, reports information to credit reporting agencies.

26. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Equifax, and Transunion. Plaintiff alleges that all three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to section 15 U.S.C. § 1681s-2(b).

27. Plaintiff alleges that Creditor's investigation of Plaintiff's dispute with Experian was unreasonable. More specifically, Creditor should have discovered from its records, including two notices sent from the bankruptcy noticing center and its investigation of Plaintiff's dispute with Transunion and Equifax, that the information Creditor furnished to Experian was inaccurate.

28. Plaintiff alleges that Creditor separately violated § 1681s-2(b) by failing to report to Experian that the account information was in dispute.

29. Plaintiff alleges that the Transunion and Equifax credit reports indicate Creditor found the information to be inaccurate during its investigation. As a result, Creditor should have reported the result of its investigation to Experian and removed the inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D)-(E).

30. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

31. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff incurred out of expenses including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

32. As a further direct and proximate result of Creditor acts state herein, Plaintiff received a denial of credit from other credit agencies, was impeded in seeking necessary products and services from vendors, and suffered humiliation, embarrassment, anxiety, and loss of sleep.

33. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

34. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

35. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

36. Creditor intentionally and knowingly reported inaccurate and false information. Plaintiff alleges that Creditor re-reported overdue payments and an outstanding account

balance on Plaintiff's discharged credit account to Experian after discontinuing such reporting to Transunion and Equifax.

37. Creditor had reason to know the information it re-reported to Experian was inaccurate based on the disputes from all three CRA's and the results of its investigation into Plaintiff's dispute with Transunion and Equifax.

38. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

39. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

40. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

41. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has incurred out of pocket expenses including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

42. As a further direct and proximate result of Creditor acts state herein, Plaintiff received a denial of credit from other credit agencies, was impeded in seeking necessary products and services from vendors, and suffered humiliation, embarrassment, anxiety, and loss of sleep.

43. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

63. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;
   b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;
   c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31
   d. Award $2,500 in civil penalties pursuant to California Business & Professions

Code § 17206;

e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

f. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

g. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**SAGARIA LAW, P.C.**

Dated: January 22, 2013        By:    /s/ Elliot Gale

Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

# **EXHIBIT A**

# EQUIFAX

**CREDIT FILE : May 15, 2011**
**Confirmation #**

P. O. Box 105518
Atlanta, GA 30348

000974534-3848
Venugopal Marpu

003848

Dear Venugopal Marpu:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as applicable, as a result of the reinvestigation. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Public Record Information (This section includes public record items obtained from local, state and federal courts.)

>>> **We have reviewed the bankruptcy information. Case or ID # - 0951924 The results are:** This bankruptcy is currently reporting as discharged. If you have additional questions about this item please contact: **Northern District of CA, 208 S 1st St RM 3035, San Jose  CA  95113-2701 Phone: (408) 535-5118**

Bankruptcy Filed 03/2009; California Federal Bankruptcy; Case or ID # - 0951924; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 06/23/2009; Date Reported 06/25/2009; Prior Disposition - Voluntary CH-7;Address: 280 S 1ST ST RM 3035 SAN JOSE, CA 95113-3010 : (408) 535-5118

## Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *.) (This section includes open and closed accounts reported by credit grantors.)

| Account History Status Code Descriptions | |
|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due |
| 3 : 90-119 Days Past Due | G : Collection Account |
| 4 : 120-149 Days Past Due | H : Foreclosure |
| | J : Voluntary Surrender |
| | K : Repossession |
| | L : Charge Off |

>>> **We have researched the credit account. Account # - 90005* The results are:** Please be advised that this account is currently reporting as included in bankruptcy on your credit file. Please be advised that account included in bankruptcy do not report any balance. Please be advised that account included in bankruptcy do not report any late payments. If you have additional questions about this item please contact: **Digital FCU, PO Box 9123, Marlborough MA 01752-9123**

### Digital Federal Credit Union       PO Box 9123  Marlborough MA 01752-9123

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Date of 1st Delinquency | Date Maj. Del. 1st Rptd | Months Revd | Charge Off Amount | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 90005* | 10/2005 | | $0 | | | 12/2008 | 03/2009 | | $0 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of Last Activity | | | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/2009 | | | | $0 | $0 | | | | | $0 | | |

Status - Account Included In Bankruptcy; Type of Loan - Conventional Re Mortgage; Whose Account - Individual Account;  ADDITIONAL INFORMATION - Bankruptcy Chapter 7; Bankruptcy Discharged;

( Continued On Next Page )

Page 1 of 2

1135012038APP-000974534- 3848 - 4170 - AS

File Number: 
Page: 1 of 4
Date Issued: 05/25/2011

  TransUnion.

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors.

**BANK OF AMERICA #431303699957****
PO BOX 17054
WILMINGTON, DE 19850-7054
(800) 421-2110

Balance: $0
Date Verified: 03/2011
High Balance: $25,339
Credit Limit: $24,000

Pay Status: UNRATED
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 04/2008
Date Closed: 03/2009
Date Paid: 01/2009

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 02/2016

**CHASE BANK USA NA #540168302588****
PO BOX 15298
WILMINGTON, DE 19850
(800) 955-9900

Balance: $0
Date Verified: 03/2009
High Balance: $20,996
Credit Limit: $21,000

Pay Status: UNRATED
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 07/2003
Date Closed: 03/2009
Date Paid: 02/2009

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 01/2016

**CITIBANK CBSD NA #542418064688****
701 E 60TH ST N
SIOUX FALLS, SD 57104
Phone number not available

Balance: $0
Date Verified: 05/2011
Credit Limit: $7,710

Pay Status: UNRATED
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 09/2008
Date Closed: 03/2009
Date Paid: 12/2008

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 01/2016

**CITIBANK NA #922136****
1000 TECHNOLOGY DR
MS 504A
O'FALLON, MO 63368-2240
(800) 685-0935

Balance: $0
Date Verified: 05/2011
High Balance: $199,166
Credit Limit: $200,000

Pay Status: UNRATED
Account Type: LINE OF CREDIT ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 11/2005
Date Closed: 08/2009

Loan Type: HOME EQUITY LOAN
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 02/2016

**DEPARTMENT STORES NATION #430851443780****
PO BOX 8218
MASON, OH 45040
(800) 243-6552

Balance: $0
Date Verified: 05/2011
High Balance: $1,197
Credit Limit: $300

Pay Status: UNRATED
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 12/2006
Date Closed: 03/2010
Date Paid: 06/2007

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 05/2014

# **EXHIBIT B**



Prepared for: **VENUGOPAL MARPU**
Date: **May 17, 2011**
Report number: ━━━━━━

## Your accounts that may be considered negative (continued)

### Credit items

**BANK OF AMERICA**
PO BOX 17054
WILMINGTON DE 19850
Phone number (800) 421-2210
Partial account number 43130369957....
Address identification number 019260269B

| | | |
|---|---|---|
| Date opened Apr 2008 | Type Credit card | Credit limit or original amount $23,800 | Recent balance $0 as of Mar 2011 |
| First reported Apr 2008 | Terms Not reported | High balance $25,339 | |
| Date of status Jun 2009 | Monthly payment Not reported | | |

Responsibility Individual
Status Discharged through Bankruptcy Chapter 7. This account is scheduled to continue on record until Apr 2016.
This item was verified and updated on May 2011.
Account History
Debt included in Chapter 7 Bankruptcy on June 23, 2009.

**Payment history**

```
        2009                                          2008
MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR
BCO OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK
```

Account history - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

AB = Account balance ($)    DPR = Date payment received    SPA = Scheduled payment amount ($)    APA = Actual amount paid ($)

|        | May09 | May09 |
|--------|-------|-------|
| AB     | 0     | 0     |
| DPR    | Jan22 | ND    |
| SPA    | ND    | ND    |
| APA    | ND    | ND    |

Between May 2009 and May 2009, your credit limit/high balance was $23,800.

---

**CITIBANK**
PO BOX 769006
SAN ANTONIO TX 78245
Phone number (800) 685-0935
Partial account number 922136....
Address identification number 0595821945

| | | |
|---|---|---|
| Date opened Nov 2005 | Type Revolving | Credit limit or original amount $200,000 | Recent balance $0 as of Apr 2011 |
| First reported Nov 2005 | Terms Not reported | High balance $200,000 | |
| Date of status Jun 2009 | Monthly payment Not reported | | |

Responsibility Individual
Status Discharged through Bankruptcy Chapter 7. This account is scheduled to continue on record until Mar 2016.
This item was verified and updated on May 2011.
Account History
Debt included in Chapter 7 Bankruptcy on June 23, 2009.

**Payment history**

```
      2009                                                      2008                                                      2007                                                      2006                                                      2005
MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC
BCO BCO BCO OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK
NOV
OK
```



Prepared for: VENUGOPAL MARPU
Date: May 17, 2011
Report number: [redacted]

Page 6 of 26

## Your accounts that may be considered negative (continued)

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.*

Between May 2009 and Mar 2011, your credit limit/high balance was $200,000

Legend: **AB** = Account balance ($)  **DPR** = Date payment received  **SPA** = Scheduled payment amount ($)  **APD** = Actual amount paid ($)

| | Mar11 | Feb11 | Jan11 | Dec10 | Nov10 | Oct10 | Sep10 | Aug10 | Jul10 | Jun10 | May10 | Apr10 | Mar10 | Feb10 | Jan10 | Dec09 | Nov09 | Oct09 | Sep09 | Aug09 | Jul09 | Jun09 | May09 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 | 197,465 |
| **DPR** | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | Jan06 | | | | | | | | | | | | | |
| **SPA** | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| **APD** | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

**CHASE BANK USA**
PO BOX 15298
WILMINGTON DE 19850
Phone number
(800) 955-9900
Partial account number 54016830258......
Address identification number 0595821945

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jul 2003 | Credit card | $21,000 | $0 as of May 2011 | Individual |
| First reported | Terms | | Status | |
| Aug 2003 | Not reported | | Discharged through Bankruptcy Chapter 7. | |
| Date of status | Monthly payment | High balance | Creditor's statement | |
| Jun 2009 | Not reported | $20,996 | "Account closed at credit grantor's request." | |

This item was verified and updated on May 2011.
Account History
Debt included in Chapter 7 Bankruptcy on June 23, 2009.

### Payment history

**2009**
MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT
CLS  30D  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK  OK

**2008**                                                                                                      **2006**
SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT
OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

**2004**                                                                          **2003**                    **2005**
OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

**CITI CARDS/CITIBANK**
PO BOX 6500
SIOUX FALLS SD 57117
Phone number
(800) 843-0777
Partial account number 542418064688......
Address identification number 0299313157

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Sep 2008 | Credit card | $7,710 | $0 as of May 2011 | Individual |
| First reported | Terms | | Status | |
| Sep 2008 | Not reported | | Discharged through Bankruptcy Chapter 7. | |
| Date of status | Monthly payment | High balance | Comment | |
| Jun 2009 | Not reported | $9,248 | FCBA dispute resolved - consumer disagrees. | |

Creditor's statement
"Account closed at credit grantor's request."
This item was verified and updated on May 2011.
Account History
Debt included in Chapter 7 Bankruptcy on June 23, 2009.

### Payment history

**2009**                                         **2008**
APR MAR FEB JAN DEC NOV OCT SEP
CLS OK OK OK OK OK OK OK OK



# **EXHIBIT C**

**CBSM/Service 1st Information System**
2865 Churn Creek Road Unit B
Redding, CA 96002
Voice: (877) 814-1178
Fax: (877) 813-7178

Provided For: SAGARIA LAW
333 W SAN CARLOS ST #1700
SAN JOSE, CA 95110

CREDIT REPORT
Report No ▓▓▓▓▓

| Date Received | Date Issued | Requested By |
|---|---|---|
| 3/12/2012 | 3/12/2012 | ELLIOT GALE |
| Loan Type | Job # | Charges $17.00 |
| Sources XP/TU/EF | Reference # | |

Property Address:

### GENERAL INFORMATION

Borrower Name: MARPU, VENUGOPAL   Social Security No ▓▓▓   Age
Co-Borrower Name                    Social Security No       Age
Current Address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓                     Length
Previous Address                                               Length
Marital Status
Dependents

### CREDIT HISTORY

| E C O A | CREDITOR NAME / ACCOUNT NUMBER | DATE REPORTED / DATE LAST ACTIVITY | DATE OPENED | HIGH CREDIT | BALANCE / TERMS | PAST DUE AMOUNT | MOS REV | 30+ | 60+ | 90+ | PRESENT STATUS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | DEROGATORY ACCOUNTS | | | | | | | |
| B | BANK OF AMERICA | 06/09 01/09 | 04/08 | $23800 REV | $0 $0 | $0 | 15 | 1 | 0 | 0 | BANKRUPTCY XP |
| | Late Dates: 4/09-30 BANKRUPTCY CHAPTER 7 | | | | | | | | | | |
| B | BK OF AMER | 03/11 01/09 | 04/08 | $24000 REV | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU/EF |
| | CHAPTER 7 BANKRUPTCY | | | | | | | | | | |
| B | CBNA | 06/09 01/09 | 11/05 | $200000 MTG | $0 $0 | $0 | 44 | 1 | 1 | 1 | BANKRUPTCY XP |
| | Late Dates: 5/09-90, 4/09-60, 3/09-30 HOME EQUITY LINE OF CREDIT - REVOLVING TERMS; BANKRUPTCY CHAPTER 7 | | | | | | | | | | |
| B | CHASE | 06/09 02/09 | 07/03 | $21000 REV | $0 $0 | $0 | 71 | 1 | 1 | 0 | BANKRUPTCY XP |
| | Late Dates: 3/09-60, 2/09-30 ACCOUNT CLOSED AT CREDIT GRANTOR'S REQUEST; BANKRUPTCY CHAPTER 7 | | | | | | | | | | |
| B | CHASE | 03/09 02/09 | 07/03 | $21000 REV | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU/EF |
| | CHAPTER 7 BANKRUPTCY | | | | | | | | | | |
| B | CITI | 06/09 12/08 | 09/08 | $7710 REV | $0 $0 | $0 | 10 | 0 | 0 | 0 | BANKRUPTCY XP |
| | SUBSCRIBER REPORTS DISPUTE RESOLVED-CONSUMER DISAGREES; BANKRUPTCY CHAPTER 7 | | | | | | | | | | |
| B | CITI | 05/11 12/08 | 09/08 | $7710 REV | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU/EF |
| | CHAPTER 7 BANKRUPTCY; INFORMATION DISPUTED BY CONSUMER | | | | | | | | | | |
| B | CITIBANKNA | 05/11 01/09 | 11/05 | $200000 MTG | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU/EF |
| | CHAPTER 7 BANKRUPTCY; HOME EQUITY LOAN | | | | | | | | | | |
| B | DIGITAL EFCU | 08/09 08/09 | 11/98 | $29987 REV | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU/EF |
| | CHAPTER 7 BANKRUPTCY | | | | | | | | | | |
| B | DIGITAL EFCU | 07/09 01/09 | 11/98 | $30000 REV | $0 $0 | $0 | - | - | - | - | BANKRUPTCY TU |
| | CHAPTER 7 BANKRUPTCY | | | | | | | | | | |
| B | DIGITAL FED CREDIT | 06/09 01/09 | 10/05 | $912000 MTG 360 | $0 $0 | $0 | 46 | 2 | 1 | 3 | BANKRUPTCY XP/TU/EF |
| | Late Dates: 5/09-150+, 4/09-120, 3/09-90, 2/09-60, 1/09-30, 12/08-30 CONVENTIONAL REAL ESTATE LOAN, INCLUDING PURCHASE MONEY FIRST; BANKRUPTCY CHAPTER 7 | | | | | | | | | | |
| B | DIGITAL FED CREDIT | 06/09 08/09 | 11/98 | $30000 REV | $0 $0 | $0 | 99 | 2 | 1 | 1 | BANKRUPTCY XP |
| | Late Dates: 5/09-90, 4/09-60, 3/09-30, 2/09-30 BANKRUPTCY CHAPTER 7 | | | | | | | | | | |

ECOA KEY: B=BORROWER; C=CO-BORROWER; S=SHARED; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER

The information is furnished in response to an inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The inquirer has agreed to indemnify the reporting bureau for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureau certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHLMC, FHA, VA & the Farmers Home Administration.

Page 4/7