IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARPU VENUGOPAL,

    Plaintiff,

    v.

CITIBANK, NA,

    Defendant.

    /

No. C 12-2452 CW

ORDER DENYING MOTION TO DISMISS (Docket No. 29)

    Defendant Citibank, NA moves to dismiss Plaintiff Marpu Venugopal's first amended complaint (1AC) for failure to state a claim. Plaintiff opposes the motion. After considering the parties' submissions and oral argument, the Court denies Defendant's motion.[1]

## BACKGROUND

    On January 22, 2013, Plaintiff filed a 1AC alleging that Defendant reported inaccurate information about his finances to various credit reporting agencies. 1AC ¶¶ 12-20. Specifically, Plaintiff claims that Defendant reported an outstanding debt of $197,466 even though that debt had been discharged in a June 2009 bankruptcy proceeding. Id.

    According to the 1AC, Plaintiff first learned of the inaccuracy on May 2, 2011, when he received a credit report claiming that he still owed an outstanding debt to Defendant. Id. Three days later, on May 5, Plaintiff sent letters to the three

---

[1] The Court indicated at the hearing that it would grant Defendant's motion with leave to amend. However, after further consideration of the parties' papers, the Court finds that further amendment is unnecessary.

credit reporting agencies who compiled the report -- Experian, Equifax, and TransUnion -- to dispute the outstanding debt. Id. The letters requested that the agencies conduct "a formal, full, and complete investigation of the information [Defendant] furnished" to the agencies about his finances. Id. ¶ 16. Although Plaintiff himself never contacted Defendant to dispute the debt, he alleges that Experian, Equifax, and TransUnion "sent notice of his dispute" to Defendant. Id.

Two weeks after writing to the credit reporting agencies, Plaintiff requested new credit reports to confirm that the misreported debt had been removed. He has attached excerpts from four of these credit reports to his 1AC. Id. ¶¶ 17-20, Ex. A. Plaintiff concedes that three of these four reports show that Defendant properly reported the discharge of his debt to Equifax and TransUnion.[2] Id. ¶ 17. He asserts, however, that the fourth report provides documentation of Defendant's reporting failure.

That report, issued by Experian on May 17, 2011, displays an outstanding debt of zero dollars and notes that Plaintiff's previous debt to Defendant was "included in Chapter 7 Bankruptcy on June 23, 2009." Id., Ex. B, at 1. But the next page of the report includes a debt timeline indicating that Plaintiff owed Defendant an outstanding debt of $197,466 between May 2009 and March 2011. Id. at 2. Because the debt timeline does not refer to his 2009 bankruptcy, Plaintiff alleges that the timeline shows

---

[2] Plaintiff initially argued that two of the four reports contained evidence of Defendant's alleged reporting failures but conceded at the hearing that only one report actually supports his allegations here.

that Defendant "re-reported the disputed overdue payments" after he initiated his dispute with Experian. Id. ¶ 18.

Based on this report, Plaintiff asserts that Defendant misreported his debt to Experian in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b); the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25; and the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. Id. ¶¶ 24-65.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Although the court is typically confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.

3

Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

A. Violations of the FCRA (First Cause of Action)

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). To achieve this goal, it "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009). These duties are triggered whenever a credit reporting agency notifies the furnisher that a consumer has disputed information that it provided to the agency. Id.; 15 U.S.C. § 1681s-2(b)(1). Once this occurs, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency" about the dispute, and correct any inaccuracies. Id.; see also Nelson v. Chase Manhattan Mortg.

4

Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) (describing furnisher's duties under the FCRA). If the furnisher fails to carry out any of these duties, the consumer who initiated the dispute may sue the furnisher. 15 U.S.C. § 1681o; Nelson, 282 F.3d at 1059.

Here, Plaintiff asserts that Defendant breached its FCRA duties by failing to notify Experian that his debt had been discharged in a prior bankruptcy proceeding. As noted above, this allegation is based entirely on the May 17, 2011 credit report attached to Plaintiff's 1AC.

The May 17, 2011 credit report issued by Experian expressly states that Plaintiff's debt to Defendant was "included in [his] Chapter 7 Bankruptcy on June 23, 2009." 1AC, Ex. B, at 1. However, another section of the credit report -- the debt timeline -- indicates that Plaintiff owed a debt to Defendant between May 2009 and March 2011. Construed in the light most favorable to Plaintiff, this report supports Plaintiff's claim that Citibank continued to misreport Plaintiff's debt history even after Plaintiff initiated his dispute with Experian. Accordingly, he has stated a valid claim under the FCRA.

B.  Violations of the CCRAA (Second Cause of Action)

The CCRAA prohibits "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The CCRAA imposes civil liability for a broader range of conduct than the FCRA, Mortimer, 2012 WL 3155563, at *5 ("Unlike the FCRA, the CCRAA includes a private right of action to enforce the prohibition against supplying incomplete or inaccurate consumer credit

5

information."). Because Plaintiff has alleged sufficient facts to support his FCRA claim, he has also alleged sufficient facts to support his CCRAA claim.

C.   Violations of the UCL (Third Cause of Action)

Plaintiff's UCL claim is based on violations of the FCRA and CCRAA. Because both of those claims survive, so, too, does his UCL claim.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss (Docket No. 29). Defendant must file its answer within twenty-one days of this order.

IT IS SO ORDERED.

Dated:  April 3, 2013

CLAUDIA WILKEN
United States District Judge

6